# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Dominick Alexander Brown, | Civil Action No. 2:23-cv-01808-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| South Carolina Department of Probation, Parole and Pardon Services, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 7). The Magistrate Judge recommends that this action be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A with prejudice, without further leave to amend, and without issuance and service of process. (*Id.*). Plaintiff objects to the R & R. (Dkt. No. 10). For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses this action with prejudice.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff is a former detainee who alleges constitutional violations stemming from his arrest. (Dkt. No. 1). The Magistrate Judge recommends dismissal of this action because the action is barred by a statute of limitations. (Dkt. No. 7 at 2). Under S.C. CODE ANN. § 15-3-530, the statute of limitations applicable to this action is three years. As the R & R correctly observes, Plaintiff's § 1983 action is premised on allegations that took place on August 22, 2019. (Dkt. No. 1 at 7). Consequently, Plaintiff's action is squarely barred by the statute of limitations. Furthermore, Plaintiff does not proffer any arguments or evidence that even suggest his claim is entitled to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (noting petitioner has burden of showing equitable tolling). Accordingly, Plaintiff's action must be dismissed.

Plaintiff filed objections to the R & R (Dkt. No. 10) and a motion of summation (Dkt. No. 12), rearguing issues addressed in detail in the R & R. The Court overrules all objections to the R & R and denies the motion of summation.

Having thoroughly reviewed the R & R in this matter and Plaintiff's objections, the Court adopts the R &R (Dkt. No. 7) as the order of the Court. This action is dismissed with prejudice, without further leave to amend, and without issuance and service or process.

**AND IT IS SO ORDERED.**

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 15, 2023
Charleston, South Carolina